# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

LOUISA THURSTON,

Appellant.

v.

CITY OF NORTH LAS VEGAS; NORTH LAS VEGAS POLICE DEPARTMENT a political subdivision of the STATE OF NEVADA; DETECTIVE PAUL FREEMAN; DETECTIVE WATKINS; SGT. MICHAEL WALLER; OFFICERS TAYLOR, ROCKWELL AND SCARALE, individually and in their capacity as police officers employed by the City of North Las Vegas Police Department; Doe Officers IV through X, inclusive and JOHN DOES I through X, inclusive.

Appellees.

_____

### APPELLANT'S REPLY BRIEF

APPEAL FROM AN ORDER GRANTING SUMMARY JUDGMENT
FROM THE UNITED STATES DISTRICT OF NEVADA

**Docket No.: 12-15729**

District Ct. Case No.: 2:10-cv-00516-LRH -RJJ

CAL J. POTTER, III, ESQ.
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, NV 89102
Telephone: (702) 385-1954
Facsimile:  (702) 385-9081
*Attorney for Appellant*

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Case and Authorities Cited. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i-ii

I.     Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

III.   Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-7

IV.   Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V.    Statement of Related Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VI.   Certificate of Mailing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

# TABLE OF AUTHORITIES

**CASES:**

Altman v. City of High Point, 330 F.3d 194 (4th Cir. 2004). . . . . . . . . . . . . . . . 5

Brosseau v. Haugen, 543 U.S. 194, 125 S.Ct. 596, 160 L.Ed. 2d 583 (2004). . . . . 4

Carrol v. County of Monroe, 2012 WL 826996 at 4-5 (W.O.N.Y. 2012). . . . . . . 5

Deorle v. Rutherford, 272 F.3d 1272 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . 3

Florida v. Royers, 460 U.S. 491, 103 S. Ct. 1319, 75 L.Ed.2d 229 (1983). . . . . . 6

Graham v. Connor, 490 U.S. 386 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

Miller v. Clark County, 340 F.3d 959 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . 6

Robinson v. Solano County, 278 F.3d 1007, 1013 (9th Cir. 2002). . . . . . . . . . . . 3

Case: 12-15729    10/11/2012    ID: 8357233    DktEntry: 19    Page: 3 of 13

Scott v. Henrick, 39 F.3d 912 (9th Cir. 1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . 3

The San Jose Chapter of The Hells Angels Motorcycle Club, et al.

    v. City of San Jose, et. al., 402 F. 3d 962 (US Ct. App. 9th Cir 2005).  4, 5, 7

**STATUTES:**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**RULES:**

Ninth Circuit Rule 32-1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

F.R.A.P. Rule 32(a)(5)(A), (7)(B), and (7)(C) . . . . . . . . . . . . . . . . . . . . . . . . 8

# I.

## STATEMENT OF THE CASE

The Plaintiff/Appellant, Louisa Thurston has previously set fort her rendition of the issues presented for review, statement of the case, statement of jurisdiction, standards of review and statement of the facts in her Opening Brief in this matter. She will rely upon the same herein.

In this brief the Appellants will respond to the Appellee's arguments concerning the Appellee's duty to find alternative non-deadly means to incapacitate the appellant's dogs, Blue and Bruno. The Appellant relies upon her opening brief on all other arguments.

# II.

## STATEMENT OF FACTS

The Appellee states in their responding brief that Ms. Thurston erroneously states that animal control was not present without citation to the record. In truth and in fact, the Appellant's Opening Brief states at page 11 and cites the record as follows:

> The officer who took control of Ms. Thurston wanted to know if her dogs bite and she said, "No. If you're worried let me put them up." (Id. at 144 [25,28]). She also requested to be allowed to put her dogs away. Ms. Thurston was present when animal control was finally

> called to pick-up the remains and she was present when the dogs were brought out in clear, plastic bags. Ms. Thurston was emotionally and physically sick at seeing her dead, bloody dogs. She vomited at the scene. (Id. at 154 [67]).

## III.

## ARGUMENT

The City of North Las Vegas Officers failed to Plan for a Non-Deadly Containment of Ms. Thurston's Dogs.

It has been often said, "That the failure to plan, is a plan for failure." In the case on appeal, the Appellees fail to view the case from the totality of the circumstances, where the officers, based upon their tactical plan, were aware that Ms. Thurston had two full-sized dogs. In <u>San Jose Chapter of The Hell's Angels Motorcycle Club, et al v. City of San Jose, et al.</u>, 402 F.3d 962 (9th Cir. 2005), the Court focused on the officers' failure to develop a realistic plan for incapacitating the dogs rather than killing the animals.

Likewise, in the instant matter, the Appellees claim that, "They were forced to make a split-second decision to protect the safety of their fellow officers." (Answering Brief at pages 11-12). The issue of a constitutional dimension is, "The destruction of property by state officials poses as much of a threat, if not more, to people's right to be secure in their effects, as does the physical taking of

2

them." Citing <u>Robinson v. Solano County</u>, 278 F.3d 1007, 1013 (9th Cir. 2002), holding that, "The killing of a dog is a destruction recognized as a seizure under the Fourth Amendment" and can constitute a cognizable claim under § 1983.

This Honorable Court in <u>Deorle v. Rutherford</u>, 272 F.3d 1272, 1279-81 (9th Cir. 2001), recognized that the officer who shot a "bean bag" round at a disturbed person walking toward him, which seriously injured the person, was not acting in a circumstance requiring a split-second decision. At the time of the shootings the unarmed subject was walking toward the police officer when the officer decided to fire without giving a warning of his intention to shoot. This Court distinguished the situation in <u>Deorle</u> from the split-second judgment discussed in <u>Graham v. Connor</u>, 490 U.S. 386, 109 S. Ct. 1865 (1989).

Thus the Appellee's reliance on <u>Scott v. Henrich</u>, 39 F.3d 912, 915 (9th Cir. 1994) is misplaced because the officers from North Las Vegas had an opportunity to plan for the execution of their warrant. In contrast, the officers in <u>Scott</u>, <u>supra</u>, went to the home of a man who had recently fired shots and was acting crazy. Indeed the argument made in <u>Scott</u> was that deadly force cases pose particularly difficult problems under the regime because the officer defendant is often the only surviving eyewitness. Stated succinctly, the <u>Scott</u> Court noted:

3

> The Court may not simply accept what may be a self-serving account by the police officer. It must also look at circumstantial evident that if believed would tend to discredit the police officer's story, and consider whether this evidence could convince a rational fact finder that the officer acted unreasonably.

The tactical clearly reveals that the City of North Las Vegas and its officers who executed the search warrant were aware of the presence of the dogs at Ms. Thurston's residence. More importantly, the training given to police officers about the gathering of intelligence about the area is to protect the officers as well as the residents of the property. Contrary to the Appellee's assertion this Court held in San Jose Chapter of the Hell's Angels v. City of San Jose, 402 F. 3d 962 (9th Cir. 2005), that:

> The failure to develop any realistic non-lethal plan for dealing with the dogs is simply not the type of reasonable mistake in judgment to which a court should give deference in determining whether the officers are entitled to qualified immunity... The police officers' opportunity to plan ahead distinguishes this case from the recent Supreme Court decision of Brosseau v. Haugen, 543 U.S. 194, 125 S. Ct. 596, 160 L.Ed.2d 583 (2004).

In the case at hand, the officers were not surprised by the dogs where their surveillance done prior to the search advised the need for animal control. In fact, the Appellees did not act reasonable by not having the owner chain the dogs or

4

have animal control capture the dogs.

The officers and the City of North Las Vegas had the opportunity to control the situation by relying on their training and preparation in executing the warrant. Moreover, they also made a conscious decision not to have Ms. Thurston chain the dogs.

The Appellee's reliance upon Carrol v. County of Monroe, 2012 WL 826996 at 4-5 (W.O.N.Y. 2012) is not precedence to this Honorable Court. The well-settled law in the Ninth Circuit at the time of the death of the two dogs is San Jose Chapter of the Hell's Angels Motorcycle Club v. City of San Jose, 402 E 3d 962 (9th Cir. 2005).

Likewise the Fourth Circuit's case of Altman v. City of High Point, 330 F.3d 194, 205-206 (4th Cir. 2003) involved an animal control officer shooting a dog that was running around town and who attacked another city employee. The Fourth Circuit did recognize that dogs in the case do qualify as property protected by the Fourth Amendment and thus their seizure was subject to a review of reasonableness.

However, the Altman case is factually distinguishable because the case did not involve the execution of a search warrant where the officers were on notice that the property owner had dogs on their property. Instead, the Altman case

5

involved an animal control officer shooting and killing one or more dogs that were running at large in the city.

This Honorable Court in <u>Miller v. Clark County</u>, 340 F.3d 959 (9th Cir. 2003) recognized the emotional attachment to a family's dog is not comparable to a possessory interest in furniture. In the Thurston case, Ms. Thurston was present when her dogs were shot and removed by animal control. She considered the dogs her babies.

The Court is required to determine whether the shooting of the dogs was unlawful when it is "more intrusive than necessary." Citing <u>Florida v. Royers</u>, 460 U.S. 491, 103 S. Ct. 1319, 75 L.Ed.2d 229 (1983).

Pursuant to <u>Graham v. Connor</u>, 490 U.S. 386, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989) the Court must then determine whether the shooting of the dogs was reasonable by balancing the nature and quality of the intrusion on the individuals Fourth amendment interests against the governmental interest at stake.

. . .


. . .


. . .

The Court noted in <u>San Jose</u>, that the killing of a family's dog at its home is a severe intrusion. Likewise, the seizures were unreasonable where the officers had advanced notice of the presence of dogs and did nothing to isolate or deal with the dogs without deadly force.

DATED this 11th day of October, 2012.

                                                POTTER LAW OFFICES

                                                By:  /s/ Cal J. Potter, III, Esq.
                                                CAL J. POTTER, III, ESQ.
                                                1125 Shadow Lane
                                                Las Vegas, NV 89102
                                                Telephone:  (702) 385-1954
                                                Facsimile: (702) 385-9081
                                                *Attorney for Appellant*

## IV.

## CERTIFICATE OF COMPLIANCE

Pursuant to Ninth Circuit Rule 32-1 and F.R.A.P. Rule 32(a)(5)(A), (7)(B), and (7)(C), I certify that the Appellant's Opening Brief is proportionally spaced, has a font typeface of 14 points, and contains 1,965 words. (Opening, answering, and the second and third briefs filed in cross-appeals must not exceed 14,000 words; reply briefs must not exceed 7,000 words).

DATED this 11th day of October, 2012.

POTTER LAW OFFICES

By: /s/ Cal J. Potter, III, Esq.
CAL J. POTTER, III, ESQ.
1125 Shadow Lane
Las Vegas, NV 89102
Telephone: (702) 385-1954
Facsimile: (702) 385-9081
*Attorney for Appellant*

## V.

## STATEMENT OF RELATED CASES

Appellant certifies that, to the best of his knowledge, there are no cases related to this action.

DATED this 11th day of October, 2012.

> POTTER LAW OFFICES
>
> By: /s/ Cal J. Potter, III, Esq.
> CAL J. POTTER, III, ESQ.
> 1125 Shadow Lane
> Las Vegas, NV 89102
> Telephone: (702) 385-1954
> Facsimile: (702) 385-9081
> *Attorney for Appellant*

## VI.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October, 2012, I electronically filed the foregoing **APPELLANT'S REPLY BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Jeffrey F. Barr, Esq.
Bethany Rudd Sanchez, Esq.
North Las Vegas City Attorney
2200 Civic Center Drive
North Las Vegas, Nevada 89030
Ph:   (702) 633-1050
Fax: (702) 649-8879

                                            /s/ Jenna Enrico
                                    An Employee of  POTTER LAW OFFICES